UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TOMM MILLER,

                Plaintiff,

   -against-

TANYA ZUCKERBROT NUTRITION, LLC,
F-FACTOR GROUP, LLC and
TANYA ZUCKERBROT a/k/a TANYA
BEYER,

               Defendants.
-------------------------------------------------------------X

**VERIFIED COMPLAINT**

Docket No. *13-CV- 3296(AT)*

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

      Plaintiff Tomm Miller, by her attorney, The Law Offices of David S. Feather, complaining of Defendants Tanya Zuckerbrot Nutrition, LLC, F-Factor Group, LLC and Tanya Zuckerbrot a.k.a. Tanya Beyer (collectively referred to as "Defendants"), alleges as follows:

## STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1

    1.    For the purposes of complying with Federal Rule of Civil Procedure (F.R.C.P.) 7.1) the Plaintiff states that she has no corporate parent, subsidiary or affiliate and that there are no other interested parties.

## NATURE OF THE ACTION

    2.    This action is brought to recover unpaid minimum wages, unpaid overtime, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the New York Labor Law §190, *et* seq. ("NYLL").

    3.    During the entirety of the Plaintiff's employment with the Defendants, which was within the last six years prior to the commencement of this action, the  Defendants failed to compensate the Plaintiff at the federal and state minimum wage, unlawfully failed to pay the

Plaintiff statutorily prescribed overtime wages, and failed to pay spread-of-hours pay to the Plaintiff.

4.      Plaintiff seeks declaratory relief against Defendants' unlawful actions, compensation for the lawful hourly minimum wage, unpaid wages, unpaid overtime wages, unpaid spread-of-hours pay, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA and the NYLL.

5.      This is also an action under New York State common-law as and for breach of written contract, and/or breach of oral contract, and/or breach of implied contract, as well as other common law causes of action.

### JURISDICTION

6.      This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the New York State Labor Law pursuant to 28 U.S.C. §§1332 and 1367.

### VENUE

7.      Venue is proper in the Southern District of New York under 28 U.S.C. §1391(b)(2), in that a substantial part of the events and/or omissions giving rise to the claim occurred in New York County, New York, which is within the Southern District of New York.

### THE PARTIES

8.      Tomm Miller is a resident of the State of New York and resides in Nassau County, New York.

9.      Defendant Tanya Zuckerbrot Nutrition, LLC (hereinafter Defendant "Zuckerbrot Nutrition"), is a foreign limited liability company with headquarters based in New York County, New York.

2

10.     Defendant F-Factor Group, LLC (hereinafter Defendant "F-Factor") is a foreign limited liability company with headquarters based in New York County, New York.

11.     Defendant Tanya Zuckerbrot a.k.a. Tanya Beyer (hereinafter Defendant "Zuckerbrot") is an owner, member, officer and/or director the Defendants Tanya Zuckerbrot Nutrition, LLC and F-Factor Group, LLC, and at all times material herein established had authority regarding the pay practices at that entity.

12.     Defendant Zuckerbrot (1) had the power to hire and fire employees; (2) supervised and controlled employees work schedules; (3) determined the rate and method of payment for employees; and (4) maintained employment records for Defendant Zuckerbrot Nutrition and Defendant F-Factor.

13.     Defendant Zuckerbrot dominated the day-to-day operating decisions of Defendant Zuckerbrot Nutrition and Defendant F-Factor, and made major personnel decisions for those entity(ies).

14.     Defendant Zuckerbrot had complete control of the alleged activities of Defendant Zuckerbrot Nutrition and Defendant F-Factor which give rise to the claims brought herein.

15.     Defendant Zuckerbrot is a resident of the State of New York and resides within New York County, New York.

16.     Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell or work on goods or materials that have been moved in or produced for interstate commerce.

17.     Upon information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.00.

## STATEMENT OF FACTS

18.     The Plaintiff worked for the Defendants from January 18, 2012 to August 10, 2012.

19.     The terms and conditions of the Plaintiff's employment were set forth in a December 10, 2011 letter from the Defendants to the Plaintiff, which is annexed hereto as Exhibit "A".

20.     The terms and conditions of the Plaintiff's employment were also verbally told to her by Defendant Zuckerbrot and other representatives and agents of the Defendant Zuckerbrot Nutrition and Defendant F-Factor.

21.     Pursuant to that letter, as well as the verbal assurances made to her by the Defendants, the Plaintiff was promised the sum of $125,000.00 per annum in base pay.

22.     In addition, the Plaintiff was promised, both in writing and verbally, a one-time payment covering services she performed for the Defendants from November 7, 2011 through January 18, 2011 in the sum of $9,615.40.

23.     As an employee of the Defendants, the Plaintiff was responsible for marketing. As such, her job duties and responsibilities included, but were not limited to, strategic positioning, brand development and revenue planning and sales, as well as marketing plan development.

24.     The Plaintiff performed her duties in a satisfactory manner throughout her employment.

25.     During her employment, the Plaintiff regularly worked over forty (40) hours in a workweek.

26.     During her employment, the Plaintiff regularly worked ten (10) or more hours per day.

27.     Despite this, she was not paid the aforementioned wages, or, for that matter, any wages whatsoever.

28.     The fact that the Defendants owe the Plaintiff monies as and for unpaid wages was confirmed in a letter from the Defendants to the Plaintiff dated September 6, 2012.

29.     Despite her repeated requests, the Defendants have failed and refused to pay the Plaintiff her unpaid wages.

## STATEMENT OF FACTS AS TO THE PIERCING OF THE CORPORATE VEIL

30.     Upon information and belief, at all pertinent times alleged herein, the Defendant Zuckerbrot was the only, and/or majority, member the Defendant Zuckerbrot Nutrition and Defendant F-Factor.

31.     Upon information and belief, Defendant Zuckerbrot was an officer, director and/or manager of Defendant Zuckerbrot Nutrition and Defendant F-Factor.

32.     Upon information and belief, at all times herein referred to, Defendant Zuckerbrot so controlled, managed and directed Defendant Zuckerbrot Nutrition and Defendant F-Factor to the extent that those entities were nothing more than an alter ego, shell and artifice for Defendant Zuckerbrot.

33. Upon information and belief, at all times herein referred to, Defendant Zuckerbrot manipulated, dominated and controlled Defendant Zuckerbrot Nutrition and Defendant F-Factor for her own individual, personal and financial purposes, commingling the corporate funds with her personal funds on a regular basis, completely disregarding all corporate formalities, and failing to adequately capitalize Defendant Zuckerbrot Nutrition and Defendant F-Factor.

34.     Defendant Zuckerbrot, in the course of her domination of Defendant Zuckerbrot Nutrition and Defendant F-Factor, abused her power by compensating herself prior to paying the

employees of Defendant Zuckerbrot Nutrition and Defendant F-Factor.

35. Defendant Zuckerbrot also paid a number of her own personal expenses with monies belonging to Defendant Zuckerbrot Nutritional and Defendant F-Factor directly from bank accounts belonging to those limited liability companies.

## UNLAWFUL PAY PRACTICES

36.     As part of its regular business practice, Defendants intentionally, willfully and repeatedly harmed Plaintiff by engaging in a pattern, practice and/or policy of violating the FLSA and NYLL.  This policy and pattern or practice includes, *inter alia*, the following:

     a.   failing to keep accurate records of hours worked by the Plaintiff as required by the FLSA and NYLL;

     b.   failing to pay the Plaintiff for all time worked, both those hours up to, and those in excess of, forty (40) hours per week;

     c.   failing to pay the Plaintiff the statutory minimum and overtime wages;

     d.   failing to pay the Plaintiff the statutorily required "spread-of hours" pay under NYLL; and

     e.   failing to provide the Plaintiff with a statutorily mandated paystub.

37.     The Defendants unlawful pay practices as set forth herein were willful.

## THE DEFENDANT'S FAILURE TO PAY MINIMUM WAGE AND STATUTORLY MANDATED OVERTIME

38.     The FLSA and NYLL require that employers pay all employees a minimum wage, as well as one and one half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

39.     Defendants failed to pay the Plaintiff the applicable minimum wage throughout her employment.

6

40.     Defendants did not pay the Plaintiff at the appropriate overtime rate for hours worked in excess of forty (40) in a given work week.

## SPREAD-OF-HOUR PAY

41.     The Plaintiff frequently worked ten or more hours per day.  However, the Defendants failed to pay her the required spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which his shift spanned more than ten hours.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Unpaid Minimum Wage)

42.     Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

43.     Defendants are employers within the meaning of 29 U.S.C. §§203(e) and 206(a).

44.     Defendants were required to pay to Plaintiff the applicable federal minimum wage rate.

45.     Defendants failed to pay the Plaintiff the minimum wage to which she was entitled under the FLSA.

46.     Defendants failed to pay plaintiff for the actual hours she worked.

47.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

48.     As a result of Defendants' willful violations of the FLSA, the Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

7

## SECOND CAUSE OF ACTION
### (New York Labor Law – Unpaid Minimum Wage)

49.  Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

50.  Defendants are employers within the meaning of the NYLL §§190, 651(5), and supporting New York State Department of Labor Regulations, and employed Plaintiff.

51.  Defendants failed to pay Plaintiff the minimum wages to which she was entitled under the NYLL.

52.  Defendants willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiff minimum hourly wages.

53.  As a result of Defendants' violations of the NYLL, the Plaintiff is entitled to recover her unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (Fair Labor Standards Act – Unpaid Overtime)

54.  Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

55.  Defendants were required to pay the Plaintiff no less than one and one-half times the regular rate at which Plaintiff was employed for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C.§207, *et seq.*

56.  Defendants failed to pay the Plaintiff the overtime wages to which she was entitled under the FLSA.

57.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay the Plaintiff overtime wages.

58.     Due to Defendants' violations of the FLSA, the Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (New York Labor Law – Unpaid Overtime)

59.  Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

60.     Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay the Plaintiff time and one half of the regular rate for all hours she worked in excess of forty (40) hours per week.

61.     Defendants failed to pay the Plaintiff overtime wages to which she was entitled under the NYLL.

62.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiff the correct amount of overtime wages.

63.     Due to Defendants' willful violations of the NYLL, the Plaintiff is entitled to recover her unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (New York Labor Law – Spread-of-Hours Pay)

64.  Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

65.   Defendants willfully failed to pay the Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage for each day during which she worked more than ten hours.

66.   By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to, 12 N.Y.C.R.R. §§137-1.7, 3.10.

## SIXTH CAUSE OF ACTION
### (New York Labor Law – Improper Pay Stubs)

67.   Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

68.   Pursuant to New York State Labor Law §§198-1(d) and 195, an employer is required to provide its employee with a paystub which accurately reflects the rate of pay, the hours worked and the amounts deducted.

69.   According to the NYLL, an employee's paystub must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece meal, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address; and the employer's telephone number.

70.   According to New York Labor Law §198-1(d), Plaintiff is entitled to $100.00 for every paycheck he received that did not have the requisite pay stub.

71.    The Plaintiff received paystubs that failed to contain, and/or did not accurately reflect, the necessary and requisite information as provided for by New York Labor Law.

72.    By the foregoing actions, the Defendants have violated New York Labor Law §198-1(d) and are liable to the Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION AS AND FOR BREACH OF WRITTEN CONTRACT

73.    Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

74.    By their actions, the Defendants have breached the aforesaid written contract between the Plaintiff and the Defendants.

75. As a result, the Plaintiff has been damaged in a sum to be determined at trial.

## EIGHTH CAUSE OF ACTION AS AND FOR BREACH OF ORAL CONTRACT

76.  Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

77.  The Plaintiff and the Defendants entered into an oral agreement(s), and the Plaintiff faithfully, successfully, diligently and fully performed her part of these oral agreement(s) and fulfilled each and every term of said agreement(s) as alleged above, and Defendants accepted said performance.

78.  Despite this, the Defendants failed and refused to pay to the Plaintiff the sums due and owing on this oral agreement(s), demand for which has been duly made, but no part paid.

79.  By its acceptance of said performance on the part of the Plaintiff, the Defendants have been unjustly enriched at the expense of the Plaintiff.

80.  As a result of the Defendants' breach of this implied contract, the Plaintiff has been damaged in a sum to be determined at trial.

## NINTH CAUSE OF ACTION AS AND FOR
## THE BREACH OF AN IMPLIED CONTRACT

81.  Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

82.  By reason of the Plaintiff's faithful, successful, diligent and full performance of her part of these agreement(s) and fulfillment of each and every term of said agreement(s) as alleged above, and Defendants' acceptance of same, the actions of the parties formed an implied contract.

83.  Despite this, Defendants have failed and refused to pay to the Plaintiff the sum due and owing to her pursuant to this agreement, demand for which has been duly made, but no part paid.

84.  As a result of the Defendants' breach of this implied contract, the Plaintiff has been damaged in a sum to be determined at trial.

## TENTH CAUSE OF ACTION AS AND FOR UNDUE ENRICHMENT

85.  Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

86.  That by reason of the foregoing, the Defendants have been unjustly enriched, for the  benefits conferred upon them by the Plaintiff and accepted by the Defendants.

87.  As a result, the Plaintiff has been damaged in an amount to be determined by a jury at trial.

## ELEVENTH CAUSE OF ACTION AS AND FOR QUANTUM MERIUT

88.    Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

89.    At all times, the Defendants promised to pay the Plaintiff the fair and reasonable value of here service(s).

90.    That Plaintiff accepted said proposal of the Defendants.

91.    That Plaintiff entered upon the performance of this agreement and did perform said duties and services relevant to the agreement between the parties.

92.    That Plaintiff is entitled to the fair and reasonable value of said services.

## TWELTH CAUSE OF ACTION FOR THE BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

93.    Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

94.    By their actions, the Defendants breached the implied covenant of good faith and fair dealing.

95.    As a result of this breach, the Plaintiff has been damaged in a sum to be determined by a jury at trial.

96.    As a result, the Plaintiff suffered damages in an amount to be determined by a jury at trial.

## THIRTEENTH CAUSE OF ACTION AS AND FOR CONVERSION

97.    Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

98.    The Defendants are in possession of certain property of the Plaintiff, to wit: the unpaid wages due and owing to her.

99.     The Plaintiff has made oral and written demand(s), and hereby further demands, possession of the aforesaid property, but the Defendants have refused, and continues to refuse, to deliver possession thereof to Plaintiff, thus wrongfully detaining said property.

100.    The property has been intentionally and wrongfully converted and detained by Defendants. As a result of the failure of the Defendants to surrender the property as demanded by Plaintiff, and its wrongful conversion thereof, the Plaintiff has suffered damages.

## FIFTEENTH CAUSE OF ACTION AS AND FOR A VIOLATION OF NEW YORK STATE LABOR LAW §191

101.    Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint with the same force and effect as if herein set forth at length.

102.    By its actions, the Defendants have violated New York State Labor Law §191.

103.    As a result, the Plaintiff has been injured in an amount to be determined by a jury at trial, plus interest, liquidated damages, attorneys' fees, cost, and disbursements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment against the Defendants as follows:

(i)     On the First Cause of Action, declaring that the Defendants have violated the minimum wage provisions of the FLSA; awarding Plaintiff damages for the difference between the full hourly wage as mandated by the FLSA, and the hourly wages actually paid to the Plaintiff for the hours she worked; declaring the Defendants' violations of the FLSA willful; and awarding the Plaintiff liquidated damages, attorneys' fees and costs, and interest;

(ii)    On the Second Cause of Action, declaring that the Defendants have violated the minimum wage provisions of the NYLL; awarding Plaintiff damages for the difference between the minimum wage as mandated by the NYLL, and the hourly wages actually paid to the

Plaintiff for the hours she worked; declaring the Defendants' violations of the NYLL willful; and awarding the Plaintiff liquidated damages, attorneys' fees and costs, and interest;

(iii)     On the Third Cause of Action, declaring that the Defendants have violated the overtime wage provisions of the FLSA; awarding Plaintiff damages for the difference between the overtime wage as mandated by the FSLA, and the hourly wages actually paid to the Plaintiff for the hours she worked over forty (40) in a workweek; declaring the Defendants' violations of the FLSA willful; and awarding the Plaintiff liquidated damages, attorneys' fees and costs, and interest;

(iv)     On the Fourth Cause of Action, declaring that the Defendants have violated the overtime wage provisions of the NYLL; awarding Plaintiff damages for the difference between the overtime wage as mandated by the NYLL, and the hourly wages actually paid to the Plaintiff for the hours she worked over forty (40) in a workweek; declaring the Defendants' violations of the NYLL willful; and awarding the Plaintiff liquidated damages, attorneys' fees and costs, and interest;

(v)     On the Fifth Cause of Action, declaring that Defendants have violated the spread-of-hours provision of the NYLL, and awarding the Plaintiff an amount to be determined at trial, attorneys' fees and costs, and interest;

(vi)     On the Fifth Cause of Action, declaring that the Defendants have violated New York State Labor Law §§198-1(d) and 195, and awarding the Plaintiff an amount of monies as and for the Defendants failure to provide the Plaintiff a proper paystub;

(vii)     On the Seventh Cause of Action, in an amount to be determined at trial, plus interest, and costs;

(viii)   On the Eighth Cause of Action, in an amount to be determined at trial, plus interest, and costs;

(ix)   On the Ninth Cause of Action, in an amount to be determined at trial, plus interest and costs;

(x)   On the Tenth Cause of Action, in an amount to be determined at trial, plus interest and costs;

(xi)   On the Eleventh Cause of Action, in an amount to be determined at trial, plus interest and costs;

(xii)   On the Twelfth Cause of Action, in an amount to be determined at trial, plus interest and costs;

(xiii)   On the Thirteenth Cause of Action, in an amount to be determined at trial, plus interest and costs;

(xiv)   On the Fourteenth Cause of Action, in an amount to be determined at trial;

(ix)   On the Fifteenth Cause of Action, in an amount to be determined at trial, plus liquidated damages, all with interest, plus attorneys' fees and costs; and

(xv)   awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: Garden City, New York
         April 29, 2013

Respectfully submitted,

By: _____
    David S. Feather (DF-1832)
    The Law Offices of

16

David S. Feather
Attorneys for Plaintiffs
666 Old Country Road
Suite 605
Garden City, New York 11530
(516) 745-9000

## **VERIFICATION**

STATE OF NEW YORK    )
                                              *NEW YORK* )ss.:
COUNTY OF NASSAU    )

TOMM MILLER, being duly sworn, deposes and says:

I am a Plaintiff in the above-entitled action.  I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters therein not stated upon knowledge I believe them to be true.  The basis for those matters alleged upon information and belief is a review of documents and/or discussions with others.

_____
TOMM MILLER

Sworn to me on this
29th day of April, 2013

_____
Notary Public

ROSE M SMALL
Notary Public - State of New York
NO. 01SM6108336
Qualified in New York County
My Commission Expires 4-12-16

18